UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TRACEY M. CHANCE,

    Plaintiff,

v.                                                    CASE NO.:

ARIEL COOK; HEATHER ENCINOSA;
MARGARET ZABIJAKA; CONSTANGY,
BROOKS, SMITH & PROPHETE, LLP;
NABORS, GIBLIN & NICKERSON, P.A.

    Defendants.
_____/

**COMPLAINT**

Plaintiff sues Defendants and states:

**JURISDICTION AND VENUE**

1. This action for monetary damages, for declaratory and injunctive relief, and for other equitable and ancillary relief is brought under the Civil Rights Act of 1871, 42 U.S.C. §§ 1985(2) and 1986.

2. Plaintiff Tracey Chance ("Plaintiff or "Chance") is a female citizen of the United States and the State of Florida who has resided in Wakulla County, Florida at all times material hereto.

3. Defendant Ariel Cook is a citizen of Duval County, Florida, who

transacted business in Wakulla County, Florida, at all times material hereto.

4. Defendant Heather Encinosa is a citizen of Leon County, Florida, who transacted business in Wakulla County, Florida, at all times material hereto.

5. Defendant Margaret Zabijaka is a citizen of Duval County, Florida, who transacted business in Wakulla County, Florida, at all times material hereto.

6. Defendant Constangy, Brooks, Smith & Prophete, LLP, is a multi-state law firm with its principal office in Atlanta, Georgia, and an office in Jacksonville, Florida, employing Defendants Cook and Zabijaka. The firm transacted business in Wakulla County, Florida at all times material hereto.

7. Defendant Nabors, Giblin & Nickerson, P.A., is a Florida based, multi-city law firm that employs Defendant Heather Encinosa. The firm transacted business in Wakulla County, Florida at all times material hereto.

## CONDITIONS PRECEDENT

8. All conditions precedent to bringing this action have occurred or have been performed or fulfilled.

## GENERAL ALLEGATIONS

9. Since December 18, 2018, Plaintiff has had a suit pending against Wakulla County in this court, Case No. 4:18-cv-00586-MW-CAS, for sexual harassment, gender discrimination, disability discrimination, whistleblower violations, and various forms of retaliation (hereinafter, "the sexual harassment case.")

10. Defendants Cook and Zabijaka have represented Wakulla County as attorneys in the sexual harassment case.

11. Defendant Encinosa serves as County Attorney for Wakulla County and has consulted on the sexual harassment case with Cook and Zabijaka, though she has not filed an appearance.

12. Throughout 2018, and the part of 2019 that she remained employed by Wakulla County, Plaintiff was frightened and worried about the retaliation she was suffering in response to her opposition to the sexual harassment and gender discrimination that was directed at her.

13. Wakulla County's administration building, at all times material hereto, had a sign on the door stating, "THESE PREMISES MAY BE SUBJECT TO AUDIO AND VIDEO RECORDING AT ANY TIME."

14. The sign was placed by a security company, SONITROL, which had placed its equipment throughout the complex, including the Building

Department where Plaintiff worked and all the other offices she entered.

15. Plaintiff recorded numerous conversations for which she wanted a record for her own protection.

16. The fact of Plaintiff's recording was generally known in the workplace and had been the subject of at least one inter-office memorandum.

17. Plaintiff made no secret of the fact that she had made and maintained various recordings.

18. Upon Wakulla County's request for production in the sexual harassment case, Plaintiff freely produced the recordings to the County's lawyers, Cook and Zabijaka. Upon discovery that Plaintiff had inadvertently omitted some, she promptly searched for and produced the remainder.

19. On June 14, 2019, Defendant Zabijaka wrote to Plaintiff's attorney Rick Johnson, claiming that some of the recordings were made in violation of Florida's interception of communications statute, § 934.03, Florida Statutes.

20. Defendant Zabijaka went on to ask Plaintiff to disclose whether she intended to use the recordings at trial, stating an intention to "move to strike them from the case," and, if the court decided to allow the evidence, to seek a discovery extension.

21. Defendant Zabijaka thus made clear that the defense team wanted to

discourage Plaintiff's recorded evidence and her testimony about it, though at this point the only expressed intentions were to proceed within the sexual harassment case to limit or exclude the evidence.

22. Johnson responded, on June 17, 2019, noting his annoyance at what he regarded as an irresponsible accusation of criminal conduct against his client. He added that the civil rules followed timetables for disclosures of trial evidence, that the deadline was not yet close, and that his team did not care to handicap itself by making premature commitments about trial strategy. He further added that he wished Zabijaka had cited some authority because when he studied the law in this area, "judicial applications of section 934.03 in the workplace were vanishingly small."

23. In the early days of July, 2019, two or more Defendants, including Cook and Encinosa, went to law enforcement authorities with jurisdiction over Wakulla County and made a criminal complaint seeking the arrest and prosecution of Plaintiff Tracey Chance for making the workplace recordings.

24. On July 8, 2019, Detective Brett Surace appeared before Circuit Judge Charles Carroll and obtained a search warrant for the home of Plaintiff Tracey Chance.

25. On July 10, 2019, Detective Brett Surace and Lt. Eddie Wester came to

the home of Tracey Chance, served the search warrant, and searched the home for the recordings and any devices related to the recordings.

26. Plaintiff has been terrified and disconsolate from the search.

27. Defendants Cook, Encinosa, and Zabijaka knew of Plaintiff's recording activities for many months.

28. But within about two weeks of learning of Plaintiff's insistence on her right to testify in federal court about the recordings and present them as evidence, Defendants Cook, Encinosa, and Zabijaka conspired with each other and made an agreement to intimidate and dissuade Plaintiff from that federal court testimony by acting to have Plaintiff criminally prosecuted.

29. The conduct of Defendants Cook, Encinosa, and Zabijaka included an unlawful criminal conspiracy in violation 18 U.S.C. § 371.

30. The conduct of Defendants Cook, Encinosa, and Zabijaka included an overt act in furtherance of unlawful criminal conspiracy in violation 18 U.S.C. § 1512(b), by engaging in a course of conduct for the purpose of witness tampering through intimidation to prevent the testimony of Plaintiff in an official proceeding, within the meaning of 18 U.S.C. § 1512(b)(1), and to cause Plaintiff to "withhold a record, document, or other object, from an official proceeding," within the meaning of 18

U.S.C. § 1512(b)(2)(A).

31. Defendants Cook and Zabijaka acted outside the scope of representation of Wakulla County in the sexual harassment case by seeking criminal charges against Plaintiff.

32. Defendant Constangy, Brooks, Smith & Prophete, LLP, having knowledge of the wrongs that Defendants Cook and Zabijaka conspired to do and were about to do, and having had power to prevent or aid in preventing the commission of the same, neglected or refused so to do. The wrongful acts were actually committed.

33. Defendant Nabors, Giblin & Nickerson, P.A., having knowledge of the wrongs that Defendant Encinosa conspired to do and was about to do, and having had power to prevent or aid in preventing the commission of the same, neglected or refused so to do. The wrongful acts were actually committed.

34. Plaintiff has suffered damages as a result of Defendants' unlawful conduct.

35. Plaintiff has had to retain counsel to vindicate her rights in this matter and owes a reasonable attorney's fee.

## COUNT I
## 42 U.S.C. § 1985(2)
## AGAINST DEFENDANT COOK

36. Plaintiff incorporates Paragraphs 1-3, 9-10,12-31, 34-35.

37. Defendant Cook conspired with and made an agreement with other persons, including without limitation, Defendants Encinosa and Zabijaka to deter Plaintiff by intimidation from testifying in a federal court proceeding and presenting material evidence in such proceeding.

38. Defendant Cook perpetrated an overt act in furtherance of said conspiracy, specifically making a criminal complaint against Plaintiff.

39. Defendant Cook's conduct was willful, wanton, and malicious.

40. Plaintiff has suffered damages as a result of Defendant's conduct.

## COUNT II
## 42 U.S.C. § 1985(2)
## AGAINST DEFENDANT ENCINOSA

41. Plaintiff incorporates Paragraphs 1-2,4,9,11-30, 33-35.

42. Defendant Encinosa conspired with and made an agreement with other persons, including without limitation, Defendants Cook and Zabijaka to deter Plaintiff by intimidation from testifying in a federal court proceeding and presenting material evidence in such proceeding.

43. Defendant Encinosa perpetrated an overt act in furtherance of said conspiracy, specifically making a criminal complaint against Plaintiff.

44. Defendant Encinosa's conduct was willful, wanton, and malicious.

45. Plaintiff has suffered damages as a result of Defendant's conduct.

### COUNT III
### 42 U.S.C. § 1985(2)
### AGAINST DEFENDANT ZABIJAKA

46. Plaintiff incorporates Paragraphs 1-2,5,9-31, 32,34-35.

47. Defendant Zabijaka conspired with and made an agreement with other persons, including without limitation, Defendants Cook and Encinosa to deter Plaintiff by intimidation from testifying in a federal court proceeding and presenting material evidence in such proceeding.

48. Defendant Zabijaka perpetrated an overt act in furtherance of said conspiracy, specifically agreeing for her co-conspirators to make a criminal complaint against Plaintiff.

49. Defendant Zabijaka's conduct was willful, wanton, and malicious.

50. Plaintiff has suffered damages as a result of Defendant's conduct.

### COUNT IV
### 42 U.S.C. § 1986
### AGAINST DEFENDANT CONSTANGY,
### BROOKS, SMITH & PROPHETE, LLP

51. Plaintiff incorporates Paragraphs 1-2,6,9-32, 34-35.

52. Defendant  Constangy, Brooks, Smith & Prophete, LLP, having knowledge of the wrongs that Defendants Cook and Zabijaka conspired

to do and were about to do, and having had power to prevent or aid in preventing the commission of the same, neglected or refused so to do. The wrongful acts were actually committed.

53. Defendant Constangy, Brooks, Smith & Prophete, LLP, allowed Defendant Cook to make a criminal complaint against Plaintiff and allowed Defendant Zabijaka to conspire with Cook to make the criminal complaint.

54. Plaintiff has suffered damages as a result of Defendant's conduct.

## COUNT V
## 42 U.S.C. § 1986
## AGAINST DEFENDANT NABORS, GIBLIN & NICKERSON, P.A.

55. Plaintiff incorporates Paragraphs 1-2,7,9-31, 33-35.

56. Defendant Nabors, Giblin & Nickerson, P.A., having knowledge of the wrongs that Defendant Encinosa conspired to do and was about to do, and having had power to prevent or aid in preventing the commission of the same, neglected or refused so to do. The wrongful acts were actually committed.

57. Defendant Nabors, Giblin & Nickerson, P.A., allowed Defendant Encinosa to make a criminal complaint against Plaintiff.

58. Plaintiff has suffered damages as a result of Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) judgment against Defendants and for Plaintiff awarding compensatory and punitive damages for the violations of law enumerated herein;

(c) judgment against Defendants and for Plaintiff, affording declaratory relief, and permanently enjoining Defendant from future violations of law enumerated herein;

(d) judgment against Defendants and for Plaintiff awarding Plaintiff her attorneys' fees and costs;

(e) all equitable relief that is allowed by law;

(f) such other and further relief as is appropriate.

## JURY DEMAND

Plaintiff demands trail by jury on all claims so triable.

Respectfully submitted this 22d day of July, 2019.

>  /s/ Richard E. Johnson
>  Richard E. Johnson
>  Florida Bar No. 858323
>  richard@nettally.com
>  Law Office of Richard E. Johnson
>  314 West Jefferson St.
>  Tallahassee, FL 32301
>  (850) 425-1997
>  (850) 561-0836 (facsimile)